UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 03-14-DCR
CIVIL NO. 07-19-DCR

UNITED STATES OF AMERICA                                                                PLAINTIFF


VS:                                      RECOMMENDED DISPOSITION


BERNARD CHESTER WEBB                                                                  DEFENDANT

* * * * *

Bernard Chester Webb, proceeding *pro se*, filed the instant 28 U.S.C. § 2255 petition. *See* DE# 34. The District Court, which sentenced Webb, referred the matter to the undersigned for a recommended disposition. The United States has moved to dismiss the § 2255 petition as time-barred. *See* DE# 37. Petitioner did not respond to the Government's motion, although the Court afforded Petitioner ample opportunity. *See* DE# 38. Because Petitioner's response time has expired, the matter is now ripe for review. For the reasons stated herein, the Court recommends that the District Court GRANT the Government's motion to dismiss and DENY Petitioner's § 2255 motion to vacate, set aside, or correct sentence.

*Discussion*

Because of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), § 2255 motions are now subject to a one-year period of limitation. *See* 28 U.S.C. § 2255. The AEDPA specifically provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:

1

> 1) the date on which the judgment of conviction becomes final;
>
> 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6.

The parties appear to agree that subsection (1) applies in this case. Both Petitioner's § 2255 motion and the Government's motion to dismiss address timeliness under the AEDPA, and both motions premise the calculation on subsection (1). *See* DE# 34, Petitioner's § 2255 Motion, at 13 (addressing the motion's timeliness by explaining, in full, that "[m]y petition is timely due to the fact that I had my Petition for a Writ of Certiorari denied by the Supreme Court on January 16, 2006"); DE# 37, United States Motion to Dismiss, at 2. The parties, however, do not agree on the date that Petitioner's conviction became final under § 2255.

According to the Sixth Circuit, "a conviction becomes final for purposes of collateral attack at the conclusion of direct review." *See United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002); *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). If the § 2255 movant petitioned the Supreme Court for a writ of certiorari, as the case is here, direct review concludes when the Supreme

Court either denies the petition or decides the action on the merits. *See Cottage*, 307 F.3d at 498; *Johnson*, 246 F.3d 657.

The Supreme Court denied the petition for certiorari, in this case, on January 9, 2006. *See Webb v. United States*, 126 S.Ct. 1110 (Jan. 9, 2006). The Sixth Circuit received notice that the Supreme Court had denied cert in Petitioner's case in a communication dated January 9, 2006. *See* DE# 33. The communication also indicated that the Supreme Court entered the actual order denying certiorari on the date of the notice. *See id.* As such, the Government argues that January 9, 2006 is the date that the Supreme Court denied Webb's petition, and thus the date that Petitioner's conviction became final under § 2255.

Petitioner, on the other hand, claims in his § 2255 motion that the Supreme Court denied certiorari on January 16, 2006. *See* Petitioner's § 2255 Motion, at 13 ("My petition is timely due to the fact that I had my Petition for Writ of Certiorari denied by the Supreme Court on January 16, 2006."). The § 2255 motion does not explain Petitioner's basis for the January 16, 2006 date, and because Petitioner did not respond to the motion to dismiss, the foundation for that date remains unknown.

Moreover, no justification for Petitioner's January 16 date appears in the record. The time-stamps on the face of the Supreme Court's communication reflect that the Sixth Circuit received the Supreme Court notice on January 13, 2006 and filed it on January 17, 2006. *See* DE# 33. The Clerk for the Eastern District of Kentucky also docketed the notice on January 24, 2006. *See id.* None of these dates corresponds with the January 16 date asserted by Petitioner.

Even if the January 16 date is somehow related to the lower courts' receipt and filing dates, those dates are not controlling. *See United States v. Marcello*, 212 F.3d 1005, 1008 (7th Cir. 2000).

3

As the *Marcello* Court explained:

> Although the Supreme Court denied [the defendants'] certiorari petition on December 1, 1997, that denial was not filed and docketed with this court until December 4, 1997. [Defendants] argue that the 1-year habeas clock did not start running until that later date and thus their December 2, 1998, petition arrived on time. The Supreme Court's denial of certiorari, however, is the last word on direct review. Although the Supreme Court notifies us of its decision, *see* Supreme Court Rule 16.3, the efficacy of the Supreme Court's order does not depend on when we receive it. The order denying certiorari is effective at the time of its entry by the Supreme Court. . . . No circuit has held that the certiorari denial is not final until it is received by the circuit from which the case originated.

*Id.* (citations omitted).

Here, the cert denial plainly occurred on January 9, 2006. Federal law, in this and other circuits, establishes that a conviction becomes final on the actual day that the Supreme Court denies certiorari. *See Cottage*, 307 F.3d at 498; *Johnson*, 246 F.3d 657; *Marcello*, 212 F.3d at 1008. As such, and consistent with the Government's motion to dismiss, the Court finds that Petitioner's conviction became final on January 9, 2006.

Although January 9, 2006 is the relevant finality date for § 2255 purposes, the date itself is not included in the AEDPA one-year limitation period. Instead, the Sixth Circuit calculates the applicable AEDPA deadline in accordance with Rule 6(a) of the Federal Rules of Civil Procedure, which provides: "In computing any period of time prescribed . . . by any applicable statute, the day of the . . . event . . . from which the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000)(construing the AEDPA one-year limitation period in the context of a § 2254 motion).

4

As a result, Petitioner's one-year limitation period under the AEDPA began to run on January 10, 2006. *See Bronaugh*, 235 F.3d at 284-85. Furthermore, and assuming the limitation period was not tolled, the Sixth Circuit indicates that the certiorari-denial anniversary date–January 9, 2007–would have been Petitioner's final day to file for habeas relief. *See id.* at 285.

In this case, the United States posits that Petitioner filed the instant § 2255 motion on January 17, 2007, which would exceed the January 9 deadline by eight days. The United States apparently bases its January 17 date on the time-stamp appearing on Petitioner's § 2255 motion. Because Petitioner is a prisoner, however, the Clerk's time-stamp is not controlling. Instead, the relevant filing date is the day that Petitioner deposited the § 2255 motion in the prison mailing system. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. . . . Timely filing may be shown by a declaration[.]"); *see also Houston v. Lack*, 108 S.Ct. 2379, 2382 (1988); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

Even after applying the earlier "prison mailroom filing rule," Petitioner's § 2255 motion remains untimely. The § 2255 motion "declares" that Webb placed the petition in the prison mailing system on January 15, 2007, still six days after the January 9 deadline. *See* Petitioner's § 2255 Motion, at 14 ("I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on January 15, 2007."). The filing/deposit date appearing in Webb's petition is uncontroverted on this record.

Therefore, the AEDPA bars the instant petition as untimely, unless the one-year limitation

5

period was tolled. Because the AEDPA's statute of limitation is not jurisdictional, the limitation period is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit has cautioned repeatedly, however, that courts should apply equitable tolling "sparingly." *See Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Jurado v. Burt*, 337 F.3d 638, 642-43 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Moreover, the burden is on the habeas petitioner to justify equitable tolling. *See Allen*, 366 F.3d at 401; *Jurado*, 337 F.3d at 642; *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit considers five factors in deciding whether equitable tolling should apply:

> 1) the petitioner's lack of notice of the filing requirement;
>
> 2) the petitioner's lack of constructive knowledge of the filing requirement;
>
> 3) diligence in pursuing one's rights;
>
> 4) absence of prejudice to the respondent; and
>
> 5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim.

*Dunlap*, 250 F.3d at 1008-09. The listed factors are "not necessarily comprehensive, and not all factors are relevant in all cases." *Allen*, 366 F.3d at 401. The fourth factor (absence of prejudice to the respondent), in particular, "is to be considered only after a factor that might justify tolling is identified." *Id.* at 401-02; *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003).

Here, the Court finds no basis to support equitable tolling. Petitioner did not respond to the Government's motion to dismiss and thus completely failed to explain his non-compliance under the AEDPA. *See Dunlap*, 250 F.3d at 1010. Absent an explanation, Petitioner cannot possibly

6

demonstrate due diligence in pursuing his habeas claims. *See id*. Moreover, since Petitioner did not defend this issue, the Court must assume that Petitioner was aware of his obligation to file a timely petition. *See id*. The Court finds that Petitioner's § 2255 motion is time barred.

### *Discovery, Evidentiary Hearing, and Appointment of Counsel*

Petitioner did request discovery and an evidentiary hearing to explore and address his substantive habeas claims. The Court has determined on this record, however, that Petitioner's § 2255 motion is inarguably untimely. Because resolution on this ground is clear, the Court orders no discovery or evidentiary hearing in this case prior to disposition. *See Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001)(requiring "specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate" to justify discovery); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)("[E]videntiary hearings are not required when, as here, the record conclusively shows that petitioner is entitled to no relief.").

Petitioner also seeks appointment of counsel. Absent a discovery or hearing issue, however, appointment of counsel in a habeas proceeding rests in the Court's discretionary assessment of whether the interests of justice require such appointment. *See* 18 U.S.C. § 3006A(a)(2)(B). For the reasons stated above, the Court finds no basis to appoint counsel in this case, which resolves on a simple limitation issue.

### *Certificate of Appealability*

A Certificate of Appealability may issue where a petitioner has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). This requires the movant to demonstrate that "jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). The reviewing court must

indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *see also Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001)(requiring an "individualized determination of each claim" in considering whether to grant a certificate of appealability).

Here, Petitioner's § 2255 motion is untimely and subject to dismissal. Petitioner did not respond to the motion to dismiss and has not raised arguments relevant to timeliness. The record conclusively shows the tardiness of the filing. Petitioner therefore has not made a "substantial showing" as to any claimed denial of rights. The Court recommends that the District Court refuse to certify any issues for appeal.[1]

*Recommendation*

For all of the reasons stated in this decision, the Court **RECOMMENDS** that:

1) the District Court GRANT the Government's motion to dismiss;

2) the District Court DENY, with prejudice, the motion to vacate, set aside, or correct sentence, *see* DE# 34; and

3) the District Court refuse, in total, a certificate of appealability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b)(1) and local rule, within ten days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District

---

[1] Based on the clear merit of the dismissal motion, as to the limitation defense, the Court has not alternatively evaluated the myriad substantive arguments raised by Petitioner's § 2255 motion.

Court.  *See also* Fed. R. Civ. P. 72; Fed. R. Crim. P. 59.

    This the 2nd day of July, 2007.

Signed By:
Robert E. Wier   *REW*
United States Magistrate Judge