UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 03-14-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| BERNARD CHESTER WEBB, | ) | **AND ORDER** |
| | ) | |
| Defendant/Petitioner. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Defendant/Petitioner Bernard Chester Webb's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 34]  In addition, Plaintiff/Respondent United States has filed a motion to dismiss. [Record No. 37]  Consistent with local practice, this matter was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge filed his Recommended Disposition on July 2, 2007.  [Record No. 39] Based on his review of the record and the applicable law, the Magistrate Judge recommended that Webb's motion be denied, as untimely, and that the United States' motion be granted.

Subsequently, on July 17, 2007, Webb filed objections to the Magistrate Judge's Recommended Disposition, claiming that equitable tolling should apply to the timeliness of his motion.  After reviewing the record *de novo*, this Court agrees with the Magistrate Judge's recommendation and finds that equitable tolling should not apply under the circumstances of this case.  Therefore, Webb's motion to vacate, set aside or correct his sentence will be denied.

-1-

## I.    Background

Webb entered a guilty plea to an information on March 21, 2003, and was sentenced by this Court on August 15, 2003.  He appealed his conviction and sentence to the United States Court of Appeals, *see United States v. Webb*, 403 F.3d 373 (6th Cir. 2005),  and to the United States Supreme Court.  *See Webb v. United States*, 546 U.S. 1126 (2006).  The Supreme Court denied Webb's petition for writ of certiorari on January 9, 2006, and the Clerk of the Court filed the denial in the record of this Court on January 17, 2006. Subsequently, on January 17, 2007, Webb filed the current motion pursuant to 28 U.S.C. § 2255, alleging multiple constitutional violations in connection with his conviction and sentencing.  The motion states that Webb placed it in the prison mailing system on January 15, 2007.

In his Recommended Disposition, the Magistrate Judge found that, because the Supreme Court denied Webb's petition on January 9, 2006, Webb had until January 9, 2007, within which to file his motion pursuant to 28 U.S.C. § 2255.  Accordingly, the Magistrate Judge concluded that Webb's mailing of the motion on January 15, 2007, was at least six days late.  The Magistrate Judge further found that Webb had failed to provide any grounds in support of equitable tolling and that his petition should be denied as untimely.

## II.    Analysis

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations during which a prisoner must file a § 2255 petition.  The statute of limitations begins to run from the latest of four circumstances, one of which is the date on which

the judgment became final by the conclusion of direct review. *See* 28 U.S.C. § 2255.[1]  For

purposes of § 2255, a conviction becomes final on the date when the United States Supreme

Court denies the petition for writ of certiorari. *Johnson v. United States*, 246 F.3d 655, 657 (6th

Cir. 2001) (citing *United States v. Torres*, 211 F.3d 836, 839 (4th Cir. 2000)).

In the present case, Webb's petition for certiorari with the Supreme Court was denied on

January 9, 2006.  Pursuant to § 2255, he had one year from that date within which to file his

motion to vacate or correct his sentence.  Because the date of the denial of his petition is not

included in the computation of the statute of limitations, *see* Federal Rule of Civil Procedure

6(a), Webb had until January 9, 2007 to timely file his motion.  In submitting his motion to the

prison mail system on January 15, 2007, Webb failed to meet this deadline.

Accordingly, this Court agrees with the Magistrate Judge's conclusion that Webb's

motion is untimely and subject to dismissal.  However, in his objections to the Magistrate

---

[1] Section 2255, paragraph 6, provides that,

[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Judge's Recommended Disposition, Webb claims that he is entitled to equitable tolling of the limitations period because he mistakenly believed that he had until January 16, 2007, to file his motion.  Because the AEDPA's statute of limitations is not jurisdictional, "a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Turner v. Mills*, 219 F. App'x 425, 428 (6th Cir. 2007).  However, the petitioner bears the burden of showing that he is entitled to equitable tolling.  *Id*.

In deciding whether equitable tolling should apply, the courts of this circuit consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Griffin v. Rogers*, 399 F.3d 626 (6th Cir. 2005) (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).  These factors "are not comprehensive, nor is each of the five factors relevant in all cases."  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Instead, courts must consider equitable tolling on a "case-by-case basis."  *Id*.  Moreover, "to preserve the usefulness of statutes of limitations as rules of law, the Supreme Court has held that equitable tolling should be invoked only "sparingly" and should not be used to rescue a litigant from his own lack of due diligence."  *Huey v. Smith*, 199 F. App'x 498, 500-01 (6th Cir. Oct. 5, 2006) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)); *see also Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006) (citing *Dunlap v. United States,* 250 F.3d 1001, 1008-09 (6th Cir. 2001)).

Webb contends that he is entitled to equitable tolling because he did not have the assistance of counsel, his motion was only a few days late, he only has a grade school education, and he "simply did not understand which date applied." [Record No. 40]  Initially, in his motion to vacate [Record No. 34], Webb stated that "[m]y petition is timely due to the fact that I had my petition for a Writ of Certiorari denied by the Supreme Court on January 16, 2006."  However, in his objections to the Magistrate Judge's Recommended Disposition, Webb argues that he believed he had until January 17, 2007, because the Supreme Court's denial of his petition for writ of certiorari was stamped "filed" on January 17, 2006.  Webb further contends that he was unable to obtain any assistance from the prison law clerks in preparing his motion and that the inmate who helped him prepare his motion was transferred so he could not prepare a response to the government's motion to dismiss.

As noted above, a prisoner has one year from the "date on which the judgment of conviction became final" within which to file his motion pursuant § 2255.  The law is clear that the conviction becomes final at the conclusion of direct review, that is, on the date the Supreme Court issues a decision on the merits or denies the petition for certiorari.  *See United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002); *Johnson*, 246 F.3d at 657; *United States v. Marcello*, 212 F.3d 1005, 1008 (7th Cir. 2000) ("For defendants who try unsuccessfully to take their case to the Supreme Court, their judgments of conviction become final on the date their petitions for certiorari are denied.").  In *United States v. Marcello*, the Seventh Circuit clearly explained that,

> [a]lthough the Supreme Court denied [petitioners'] certiorari petition on December 1, 1997, that denial was not filed and docketed with this court until December 4, 1997.  [Petitioners] argue that the 1-year habeas clock did not start running until that later date and thus their December 2, 1998, petition arrived on

time.  The Supreme Court's denial of certiorari, however, is the last word on direct review.  Although the Supreme Court notifies us of its decision, the efficacy of the Supreme Court's order does not depend on when we receive it.  The order denying certiorari is effective at the time of its entry by the Supreme Court.  No circuit has held that the certiorari denial is not final until it is received by the circuit from which the case originated.  The petitioners point out that a district court's order is not final until set forth in a separate document and docketed.  That analogy is inapplicable to the situation here, which involves one court notifying another of its judgment.  When the Supreme Court denies certiorari, a defendant's judgment of conviction is final.

*Marcello*, 212 F.3d at 1008 (citations omitted).

In applying the factors for equitable tolling to Webb's petition, it does not appear that Webb has demonstrated any reason that would entitle him to tolling of the limitation under the circumstances of this case.  First, his lack of actual notice or constructive knowledge of the date on which his conviction became final is insufficient to depart from the rule that equitable tolling should be applied "sparingly."  *See Solomon*, 467 F.3d at 933; *Huey*, 199 F. App'x at 500-01.  This court has repeatedly held that "ignorance of the law alone is not sufficient to warrant equitable tolling."  *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Griffin*, 399 F.3d at 637 (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).  Rather, "[e]quitable tolling focuses primarily on the *plaintiff's* excusable ignorance of the limitations period."  *Griffin*, 399 F.3d at 636 (citing *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998) (emphasis in original).  Here, Webb's inconsistent positions in his initial motion and his objections regarding the date he thought his motion was due contradict his contention that his ignorance was excusable, as he clearly did not have a firm basis for assuming that his motion was due on January 16, 2007.

Nor can Webb cannot show that he was *reasonable* in remaining ignorant of the filing requirement or that he was diligent in pursuing his rights.  He has not alleged that he did not

-6-

have access to the library, that he was denied access to transcripts or other necessary materials, or any other explanation that might entitle him to tolling of the limitation period. *See Solomon*, 467 F.3d at 933-34. Instead, he repeatedly asserts that he did not know the relevant date and did not have the assistance of counsel. However, "the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling." *Wright v. United States*, 2007 U.S. Dist. LEXIS 63479, 7-8 (D. Mich. Aug. 28, 2007) (denying equitable tolling of a petition filed 8 days after the expiration of the one-year period) (citing *Brown v. United States*, 20 Fed. Appx. 373, 2001 WL 1136000, *3 (6th Cir. Sept. 21, 2001); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling)).

Accordingly, because Webb's motion was filed beyond the one-year statute of limitations, and because he has failed to satisfy any factor[2] that would justify equitable tolling, his petition will be dismissed as untimely.

## III.    Evidentiary Hearing and Certificate of Appealability

---

[2] The Court did not address the final factor concerning prejudice to the United States because Webb has failed to demonstrate any other factor that would entitle him to equitable tolling. The Sixth Circuit has repeatedly emphasized that "absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Allen*, 366 F.3d at 401-02 (citing *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003)).

As the Magistrate Judge noted in his Recommended Disposition, Webb has requested an evidentiary hearing and the appointment of counsel in connection with his motion.  "A district court may, in the context of a habeas proceeding, permit discovery, provided that the habeas petitioner presents specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate." *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001).  Here, the Court has concluded that Webb is not entitled to habeas relief because his petition was not timely filed.  Accordingly, Webb cannot show that the facts, if more fully developed, would entitle him to relief.  Additionally, in the absence of a discovery or hearing issue, appointment of counsel is not warranted unless the interest of justice so require.  *See* 18 U.S.C. § 3006A(a)(2)(B).  The Court does not find that appointment of counsel is required under the circumstances of this case.

Similarly, with respect to a Certificate of Appealability, it is clear that Webb has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2). To be entitled to a certificate of appealability, a petitioner must demonstrate that "jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, as the Magistrate Judge noted, "[t]he record conclusively shows the tardiness of the filing." [Record No. 39, p. 8]   And because Webb has not alleged any circumstances that would justify equitable tolling of the limitations period, he cannot make a substantial showing of the denial of his constitutional rights. Therefore, a Certificate of Appealability shall not issue.

**IV.    Conclusion**

For the reasons set forth above, it is hereby **ORDERED** as follows:

1.      The Magistrate Judge's Recommended Disposition [Record No. 39] is **ADOPTED** and **INCORPORATED** by reference.

2.      Webb's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 225  [Record No. 34] is **DENIED**.

3.      The United States' motion to dismiss [Record No. 37] is **GRANTED**;

4.      A Certificate of Appealability shall not issue because Webb has not made a substantial showing of the denial of any substantive constitutional right;

5.      This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 23rd day of October, 2007.

Signed By:

*Danny C. Reeves* DCR

United States District Judge